[Crim. No. 795. Fourth Dist. Apr. 20, 1954.]

THE PEOPLE, Respondent, v. KARL MARX ALLEN, Appellant.

Russell H. Yeager, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with burglary in that on April 18, 1953, he entered a building in El Centro with intent to commit theft. In a second count, he was charged with another burglary in that on the same day he entered another building in that city with the same intent. The public defender was appointed to represent him. He pleaded guilty to both counts of the information. After finding that the offense was second degree burglary, in each instance, the court sentenced him to prison, the sentences to run concurrently. He has appealed from the judgment, and this court appointed the same attorney to represent him on this appeal.

The appellant contends that his confession and plea of guilty were false; that he did not participate in any manner in the alleged offenses; and that, in fact, he was not in the county of Imperial at the time the offenses were committed. Aside from other considerations, these contentions are not supported by the record.

The offenses here charged involved the burglary of two oil stations in El Centro on the night of April 18. The appellant told the attorney, when the appointment was first made, that he was not guilty of the charges; that he was in Los Angeles at the time these offenses were committed; and that he had spent that day and night with certain friends there. Two or three days later he informed this attorney that his previous statements were not true, that he was guilty of the offenses charged, and that he had made a full and complete statement to the officers. About that time he signed a statement he had made to the officers in which he admitted that he had been in El Centro that night with two other men, naming them; that they had talked about where they could get some money; that the other two men left him and were gone about an hour; that when they came back they were disappointed in the amount of money they had gotten; that the other two men then went into one of these buildings while the appellant was "looking out for them"; that he heard a disturbance and they all ran; that they each took "a handful of change"; and that they then drove to San Diego.

In a statement to the probation officer the appellant said he was with these two men in El Centro that night; that he sat in the car while the others went away for about 45 minutes; that after they returned they drove on to a place where the other two men broke into a gas station; that he went to

the door and told them they had better come out; and that he then saw a car light and they all ran. At the probation hearing the appellant told the judge that on that night he was with these men in El Centro, that they picked him up to go back to Los Angeles, and that "that is when they pulled their dirty work and I had nothing to do with it." The judge explained why he was unable to believe the appellant, in view of his own statements, and pronounced judgment. After the attorney was appointed by this court, the appellant made another written statement in which he went back to his original claim that he had been in Los Angeles at all times material here, and had had nothing to do with committing these offenses. His only other contention is that he had expected to get a jail sentence because he had cooperated with the officers and given them full information concerning the activities of the two men who were with him on this occasion, and that he would not have pleaded guilty had he known he would be sentenced to prison.

Nothing is presented, in the record or otherwise, which would justify a reversal.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.